UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ESTRADA SIMON,<br><br>                          Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; PAMELA BONDI, U.S. Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PATRICK DIVVER, ICE San Diego Field Office Director, in their official capacities,<br><br>                          Respondents. | Case No.: 3: 25-cv-3587-JES-VET<br><br>**ORDER:**<br><br>**(1) GRANTING COUNT ONE OF THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; AND**<br><br>**(2) DENYING AS MOOT COUNT TWO OF THE PETITION.**<br><br>**[ECF NO .1]** |

//
//
//

Before the Court is Petitioner Hector Estrada Simon's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause, Respondents filed the Response. ECF Nos. 2; 4, ("Res."). Petitioner filed a traverse. ECF No. 5. The Court then took the matter under submission. For the reasons set forth below, the Court **GRANTS** Count One of the Petition and **DENIES AS MOOT** Count Two of the Petition.

## I.   BACKGROUND

In March 2004, Petitioner entered the United States without inspection and since then, has built deep and longstanding ties to his community. Pet. ¶¶ 19-20. On September 19, 2025, Petitioner was operating a motor vehicle when he was stopped and apprehended by police. *Id*. ¶ 21. Department of Homeland Security ("DHS") then detained Petitioner, initiated removal proceedings against him, and relocated him from Florida to California. *Id*. ¶¶ 21-22. Currently, Petitioner is subject to mandatory detention by Respondents, pursuant to 8 U.S.C. § ("Section") 1225(b)(2)(A), at the Otay Mesa Detention Center. Res. at 1.

Petitioner contends that he has been illegally detained by DHS and that seeking a bond redetermination hearing from an Immigration Judge ("IJ") would be futile in light of the Board of Immigration Appeals ("BIA") precedential decision in the *Matter of Yajure Hurtado*. Pet. ¶ 23; 29 I&N 216 (BIA 2025) (holding that Section 1225(b)(2) applies to noncitizens like Petitioner). Petitioner argues that he has lived in the United States for well over two decades, and therefore, Section 1225(b) does not apply to him. Pet. ¶ 44. Further, to the extent he remains in custody, his detention should proceed under Section 1226(a), which authorizes release on bond or conditional parole. *Id.*

Accordingly, Petitioner seeks habeas relief from the Court because his continued detention, resulting from Respondents' application of Section 1225(b), and not Section 1226(a), to govern to his detention violates: (1) the Immigration and Nationality Act ("INA"); and (2) the Due Process Clause of the Fifth Amendment of the U.S. Constitution.
//

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Habeas corpus is "perhaps the most important writ known to the constitutional law ... affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## III. DISCUSSION

In the Response to the Petition, Respondents raise two main arguments. First, Petitioner's claim is jurisdictionally barred by Section 1252. Res. at 6-15. Alternatively, if not barred, is not yet ripe as Petitioner has failed to exhaust his available administrative remedies. *Id*. Second, Petitioner is lawfully detained under Section 1225. *Id*. Thus, the Court should deny the Petition. *Id*.

//
//
//

A. **Applicability of Section 1225 vs. 1226**

The Court finds that the parties' arguments with respect to whether the Court has jurisdiction to hear this Petition are analogous to those raised in the Court's recent decision in *Martinez Lopez v. Noem, et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-7 (S.D. Cal. Oct. 30, 2025). The Court, therefore, elects to follow the reasoning it stated in *Martinez Lopez* and incorporates it by reference. *Id*.

Based on the facts of this Petition, the Court finds that: (1) Section 1252's jurisdiction stripping provisions do not bar the Court from considering Petitioner's habeas petition. Further, the prudential administrative exhaustion requirement for Section 2241 claims is excused. Imposing this requirement would be futile due to the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N 216 (BIA 2025) (holding that Section 1225(b)(2) applies to noncitizens, such as Petitioner). Thus, the Court finds that it has jurisdiction to hear the Petition; and (2) Section 1226(a)—not Section 1225(b)—applies to Petitioner. Thus, Petitioner is entitled to an individualized bond hearing by an IJ, who may not deny bond on the basis that Section 1225(b) governs Petitioner's detention.

B. **Procedural Due Process**

The Court declines to decide the merits of Petitioner's due process claim given that the Court will grant the relief he seeks based on its conclusion that Section 1226(a) applies here. If Respondents do not provide Petitioner with a bond redetermination hearing, pursuant to Section 1226(a), or release him within the time allotted, Petitioner may renew his Fifth Amendment Due Process claim.

## IV.  CONCLUSION

Based on the foregoing:

(1) The Court **GRANTS** Count One of the Petition;

(2) The Court **DENIES AS MOOT** Count Two of the Petition;

(3) The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within ten (10) days of this Order, or

        otherwise release him from custody, under the same conditions that existed before his detention; and

(4) Respondents are **ORDERED** to **FILE** a Notice of Compliance within ten days of providing Petitioner with a bond redetermination hearing.

(5) The Clerk of Court is **DIRECTED** to **CLOSE** this suit.

**IT IS SO ORDERED.**

Dated: January 7, 2026

                                                             *[signature]*

                                          Honorable James E. Simmons Jr.
                                          United States District Judge